UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES L. SOMSEL,

    Plaintiff,

vs.                                                                                         Case No.

METROPOLITAN LIFE                                                      HON.
INSURANCE COMPANY,

    Defendant.

___

Troy W. Haney (P48614)
Haney Law Office, P.C.
Attorney for Plaintiff
330 East Fulton Street
Grand Rapids, MI  49503
Telephone:  616-235-2300
Facsimile:   616-459-0137
Email:          thaney@troyhaneylaw.com

___

# COMPLAINT

Plaintiff, James L. Somsel, by his attorney, Troy W. Haney of Haney Law Office, P.C., and for his complaint against Defendant, states as follows:

## Nature and Action and Jurisdiction

1. This is a civil complaint brought by Plaintiff, James L. Somsel ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, regarding breach of the terms of an employee benefit plan and breach of fiduciary duties, for the purpose of compelling Defendant to provide certain disability insurance benefits in amounts and at the coverage levels promised and for an accounting, recovery of damages, costs and attorney fees incurred as a consequence of Defendant's breaches of its obligations and duties under ERISA as detailed herein.

2. This Court has subject jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132(e) and (f) and 28 U.S.C. 1331.

3. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

**Parties and General Allegations**

4. At all relevant times, Plaintiff was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002(7), in the Michigan Manufacturers Association Welfare Benefit Plan ("the Plan") provided by the Michigan Manufacturers Association ("MMA") to its eligible employees, including Plaintiff, administered and funded by an insurance policy issued by Defendant, Metropolitan Life Insurance Company ("MetLife") to MMA for group long term disability benefits as group policy no. TS 05050001-G.

5. At all relevant times, the Plan was an employee welfare plan within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by MMA and funded by the above-referenced insurance policies issued by MetLife. As such, MetLife is the proper party to defend this matter and the sole entity responsible for the payment of claimed benefits set forth below.

6. At all relevant times, MetLife was the fiduciary of the Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that MetLife acted as a claims administrator and as a fiduciary for the Plan and exercised authority and control over the payment of long term disability benefits, which are assets of the Plan. Pursuant to 29 C.F.R. §2560.503-1(h)(1), MetLife, therefore, functioned as an administrator for claims procedure purposes.

7. The MetLife policy under which benefits are provided to Plaintiff is subject to MAC R 500.2201-2202 providing that "a discretionary clause" included in a policy of insurance provided in Michigan is "void and of no affect". MAC R 500.2202. Therefore, the

controlling policy in this matter does not provide for discretionary review and the standard of review in this matter is *de novo*.

## Facts

8. On all relevant dates, Plaintiff, James L. Somsel, was employed full-time by Modular Transportation Company ("MTC"), a member of MMA, as a Dispatcher, until his last day worked on November 11, 2015.

9. Plaintiff has been diagnosed with the following medical conditions:

- Chronic idiopathic pericarditis with effusion;
- Peripheral neuropathy;
- Syncope;
- Myasthenia Gravis;
- Acute anterior circulation TIA;
- Transient cerebral ischemia;
- Hypertrophic cardiomyopathy;
- Essential hypertension;
- Expressive aphasia;
- Congestive heart failure;
- Ventricular tachycardia;
- Hypertrophic obstructive cardiomyopathy;
- Cardiomegaly;
- Hepatic steatosis;
- Mild bilateral atelectasis;
- Venous stasis;
- Autonomic Dysfunction;
- Implantable cardiac defibrillator (ICD) and pacemaker;
- Chronic edema, right > left;
- Headaches;
- Gouty arthritis;
- Psoriatic arthritis;
- Degenerative disc disease lumbar spine;
- L1-2, L3-4, L4-5 bulging discs and facet hypertrophy;
- L5-S1 partial ankylosing;

- S1 radiculopathy.
- Obstructive sleep apnea on CPAP;
- Obesity (status post laparoscopic sleeve gastrectomy);
- Restless legs syndrome;
- Carpal tunnel syndrome, bilateral;
- Vitamin D deficiency.

10. As a result of the above-described conditions, the Plaintiff continues to experience fatigue with daytime somnolence, leg fatigue and weakness, difficulty with his activities of daily living, lightheadedness, dizziness, recurrent falls, numbness and tingling of his skin, upper extremity weakness, and shortness of breath.

11. In light of the above-described medical conditions, the Plaintiff's last day of work for MTC was on November 11, 2015.

12. In accordance with his employment contract, the Plaintiff applied for long term disability benefits through MetLife, which were both approved and terminated on February 15, 2017, in a letter approving benefits to start on May 19, 2016, but to be discontinued on October 21, 2016.

13. The termination of Plaintiff's benefits was based on the following decision:

–. The medical on file was reviewed including an Independent Medical Director review of all the information on file. The medical on file supports reasonable limitations through your office visit on October 21, 2016.

The review of your file included a phone call to your healthcare provider Dr. Hilary Schmid on September 20, 2016. It was indicated in the telephone call that you had traveled from Michigan to Florida. The estimated miles for that trip equals 1,391 miles and 21 hours of drive time. Your provider has state you were able to make that drive.

The Medical Director and your doctor discussed that if you were able to make the drive all or part of the distance, then you should be able to sit for an 8-hour day with accommodations to change positions at will.

After a full review of your LTD claim and the medical received LTD benefits are supported through October 21, 2016. We have not received medical records to support functional limitations beyond that office visit date. –.

14. The undersigned submitted an administrative appeal of this decision on July 19, 2017, providing a multitude of supporting medical documentation as well as a statement of

4

disability from Plaintiff's treating physician, Dr. Melanie Taylor, who opined about the Plaintiff that it was in her *"professional opinion that he is totally disabled from most, if not all, of the material and substantial duties of his occupation as a Dispatcher and from all other full-time occupations at this time."*

15. Also included as part of the July 19, 2017 appeal was the following information:

    MetLife has misconstrued Mr. Somsel's family trip to Florida presuming that he drove straight through - by himself - from Michigan to Florida. This is not an accurate assumption. Mr. Somsel advised that his immediate family rented a home on the beach in Port St Joseph, Florida, with other family members. Mr. Somsel, his wife and daughter shared driving duties. Mr. Somsel advised that they traveled to Florida in his wife's Ford Explorer. They left their home in Howard City, Michigan, with Mr. Somsel behind the wheel. He explained that he drove for approximately four hours at which time, his wife took over driving. Mr. Somsel said that he laid down in the back seat of the vehicle. After his wife drove for a period of time, his daughter took over, followed again by his wife. Mr. Somsel then took over driving for a brief period of time where they stayed in Nashville, Tennessee. This is an approximately 8 hour and 48 minute drive of which Mr. Somsel drove approximately four hours. The remainder of the time they either stopped for rest periods and/or he was reclining in the back of the vehicle. The next day, they left the hotel from Nashville, Tennessee, and traveled to Port St. Joseph, Florida, which is approximately 8 hours and 3 minutes. Mr. Somsel, his wife and daughter again shared driving duties. It would appear that MetLife (or their investigators) picked a random number of hours, assumed that Mr. Somsel drove the trip by himself as opposed to contacting Mr. Somsel to obtain an accurate description of the trip. Finally, a one way trip from Howard City, Michigan, to Port St. Joseph, Florida, is 1,075.6 miles and 16 hours and 54 minutes in time. The Somsel family broke the trip up into two days as described above.

16. On October 27, 2017, MetLife upheld their decision to deny long term disability benefits, relying on the opinions of a peer records review conducted by Dr. Richard Evans focused on a medical perspective, and a peer records review conducted by Dr. William Webb based on psychiatric perspective.

17. The October 27, 2017 correspondence from MetLife also advised that the Plaintiff "has exhausted his administrative rights under the Plan," and that he "has the right to bring civil action under Section 502 (a) of the Employee Retirement Income Security Act of 1974."

18. As a result of the aforementioned wrongful action, Plaintiff's group waiver of life premium may have also been wrongfully denied by operation of the decision to terminate disability benefits.

5

## COUNT I

### Claim for Benefits Pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) against Defendant

19. Plaintiff incorporates paragraphs 1 through 18 above as if fully restated herein.

20. ERISA §502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of a plan.

21. The failure to pay full disability benefits as described above are in direct violation of the terms of the Plan.

22. The Plan has failed to pay disability benefits to Plaintiff despite the recommendations of his physicians and disabling medical conditions.

23. The failure and refusal of the Plan to pay the benefits owned Plaintiff under the Plan is a breach of the terms and provisions of the Plan.

24. In addition, the Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

25. The actions of the Plan have caused damage to Plaintiff in the form of the denial of long term disability benefits.

26. In addition, because the Plan denied the payment of Plaintiff's long term disability benefits, Plaintiff became ineligible for other benefits provided through his employment such as pension, medical benefits, and the waiver of group life insurance premiums.

### PRAYER FOR RELIEF

Plaintiff requests that this Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA §502(a)(1)(B), 29 U.S.C. 1132 (a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff is entitled to the group employee benefits in the proper amounts as set forth in the Plan in effect at the time benefits became payable and

       that Defendant has violated the Plan and its fiduciary duties by failing to pay these benefits and honor the group waiver of life premium.

B.     A full and accurate accounting by Defendant of all computations for Plaintiff's employee benefits, in sufficient detail so that Plaintiff may ascertain that his benefits are being paid in the proper amount.

C.     An Order compelling Defendant to pay Plaintiff forthwith the full amount of employee benefits due him and to continue such payments for the period set forth in the Plan, including interest on all unpaid benefits.

D.     An Order awarding reasonable attorney fees and costs pursuant to ERISA §502(g)(1), 29 U.S.C. 1132 (g)(1).

E.     Such other relief as may be just and appropriate.

Dated: December 15, 2017                    */s/ Troy W. Haney*
                                                           Troy W. Haney (P48614)
                                                           Haney Law Office, P.C.
                                                           Attorney for Plaintiff
                                                           330 East Fulton Street
                                                           Grand Rapids, MI 49503